BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

DEC -5 1972

PATRICIA C. HOWARD
CLERK OF THE PANEL

IN RE AIR CRASH DISASTER NEAR  )
SILVER PLUME, COLORADO, ON     )   DOCKET NO. 112
OCTOBER 2, 1970                )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

On October 2, 1970, a chartered aircraft transporting the Wichita State University football team and associated personnel crashed in the Rocky Mountains near Silver Plume, Colorado. Of the forty persons aboard, thirty-two succumbed to injuries received in the crash. The Panel ordered the parties to actions pending in federal court to show cause why this litigation should not be transferred to a single district for coordinated or consolidated pretrial proceedings. The parties responding to the order to show cause do not oppose transfer. We find that the actions involve substantial common questions of fact, and, to insure that duplication of discovery is avoided and inconvenience to the parties and witnesses minimized, we order the actions listed on the attached Schedule A and pending in districts

---

\*   Judge Alfred P. Murrah took no part in the consideration
     or decision of this matter.

other than the District of Kansas transferred to that district for pretrial proceedings with the actions pending there.

Wichita State University in Wichita, Kansas, had an agreement with Golden Eagle Aviation, Inc. of Oklahoma City, Oklahoma, concerning transportation of the Wichita State football team to its game in Logan, Utah. Golden Eagle provided the necessary flight crew and services for the ill-fated flight. The aircraft that crashed was owned by the Jack Richards Aircraft Company of Oklahoma City.

Actions have been filed in three different federal district courts and in Kansas and Oklahoma state courts alleging that Jack Richards and Golden Eagle negligently failed to comply with regulations applicable to the flight. The federal court actions also allege that the United States, through its agent, the Federal Aviation Administration, was negligent in permitting Golden Eagle to operate without proper licenses. In addition, the Kansas and Oklahoma state court actions charge Wichita State University with negligence in failing to see that proper federal aviation regulations had been complied with.

The necessity for transfer of these actions to a single district having been established, the choice of the appropriate transferee forum is the only question at issue. The majority of state court actions are pending in Kansas and most of the plaintiffs and prospective plaintiffs in this litigation are domiciliaries of Kansas. In addition, the key witnesses to the issues in this litigation are either located in or within easy commuting distance

of the federal court in Wichita, Kansas.  Transfer of all federal actions to the District of Kansas, therefore, provides a unique opportunity for the federal and Kansas state court parties to coordinate their discovery efforts.  Such state-federal accommodation in discovery will significantly lessen the burdens on both courts' judicial resources and greatly enhance the expeditious processing of all actions arising out of the crash.

IT IS THEREFORE ORDERED that all actions on the attached Schedule A be, and the same hereby are, transferred, pursuant to 28 U.S.C. §1407, to the District of Kansas and assigned to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings with the actions pending in that district.

SCHEDULE A                                                DOCKET NO. 112

## DISTRICT OF KANSAS

| | |
|---|---|
| Marvin G. Brown, Sr. v. Jack Richards Aircraft Co., Inc., et al. | Civil Action No. W-4749 |
| Howard L. Johnson v. Jack Richards Aircraft Co., Inc., et al. | Civil Action No. W-4750 |
| Robert B. Krueger v. Jack Richards Aircraft Co., Inc., et al. | Civil Action No. W-4751 |
| Milton B. Moore, Sr. v. Jack Richards Aircraft Co., Inc., et al. | Civil Action No. W-4752 |
| Thomas B. Owen, Sr. v. Jack Richards Aircraft Co., Inc., et al. | Civil Action No. W-4753 |
| Mary P. Stines v. Jack Richards Aircraft Co., Inc., et al. | Civil Action No. W-4754 |
| Jack R. Vetter, Sr. v. Jack Richards Aircraft Co., Inc., et al. | Civil Action No. W-4755 |

## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Hallie Eugenia Robinson, etc. v. United States of America | Civil Action No. 4265 |

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Leo Loy Roberts, etc. v. The United States of America | Civ.-72-332 |
| Rick Stevens, et al. v. The United States of America | Civ.-72-233 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR )
SILVER PLUME, COLORADO, ON )
OCTOBER 2, 1970 )
) DOCKET NO. 112
Mike Bruce, et al. v. Fairchild Indus- )
tries, W.D. Okla., Civ. 73-14-D )

DEC 26 1973

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The above-captioned action arose out of the crash of a charter aircraft in the fall of 1970. We initially transferred all actions in this litigation to the District of Kansas and, with the consent of that court, assigned them to Judge Frank G. Theis for coordinated or consolidated pretrial proceedings. In re Silver Plume, Colorado, Air Disaster Litigation, 352 F.Supp. 968 (J.P.M.L. 1972). Pursuant to Rule 12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 53 F.R.D. 119, amended 55 F.R.D. LI, the Clerk of the Panel issued an order conditionally transferring this action to the District of Kansas under 28 U.S.C. §1407. Defendant Fairchild Industries opposes transfer and now moves the Panel to vacate the conditional transfer order. We find that the criteria for transfer of this action under Section 1407 have not been satisfied and, accordingly, defendant's motion is granted.

- 2 -

In their search for a solvent defendant, plaintiffs commenced twenty actions against Fairchild Industries in Oklahoma state court alleging breach of warranty. After completion of lengthy discovery, however, plaintiffs dismissed each of the state court actions immediately prior to the hearings on Fairchild's motions for summary judgment. Plaintiffs then combined and filed the above-captioned action in Oklahoma federal court.

Plaintiffs argue that their action shares questions of fact common to the previously transferred actions and, therefore, can be most expeditiously processed if it is also transferred to the District of Kansas pursuant to Section 1407.

Fairchild Industries accuses plaintiffs of employing dilatory tactics in order to avoid a final determination of the merits of the action. It stresses that all of the pretrial discovery pertinent to this action was completed in the Oklahoma state court and it has requested the federal court to adopt all prior state court orders and discovery. Fairchild contends that the action is again ripe for summary judgment and that transfer would not promote the just and efficient conduct of the action but would only deny Fairchild a prompt disposition of the claims asserted against it.

Plaintiffs' theory of liability in this action is based upon an alleged breach of warranty, whereas plaintiffs in the actions in Kansas allege liability based upon the certification and operation of the aircraft. Thus, the Oklahoma

- 3 -

action raises only limited questions of fact common to the Kansas litigation. In addition, discovery in the Oklahoma action is far advanced and it appears that that action can be disposed of with a minimal expenditure of judicial energy. Indeed, plaintiffs seem determined to use Section 1407 as a means of further delaying a final resolution of their claims against Fairchild. Nothing in the record before us, however, convinces us that transfer of the above-captioned action will serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation. 

IT IS THEREFORE ORDERED that the January 19, 1973 conditional transfer order entered in the above-captioned action be, and the same hereby is, VACATED; and transfer of that action under Section 1407 be, and the same hereby is, DENIED.